IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:17cv016-GHD-DAS |
| v. | ) ) | C O M P L A I N T |
| PIONEER HEALTH SERVICES, INC., | ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991, against Defendant, Pioneer Health Services, Inc., to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Joyce Dumas who was adversely affected by such practices.

As alleged with greater particularity below, Plaintiff, United States Equal Employment Opportunity Commission alleges that Defendant refused to provide Dumas with a reasonable accommodation of her disability, discharged her because of her disability, and retaliated against her by refusing to hire her because she engaged in activity protected by the ADA. Defendant's actions violated 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), 12112(b)(5)(B), and 12203(a).

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

1

reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Aberdeen Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Pioneer Health Services, Inc, has continuously been a Mississippi corporation doing business in the State of Mississippi and in the City of Magee, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer  engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Dumas filed a charge with the Commission alleging violations of the ADA by Defendant.

8.     On January 19, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     On June 24, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### COUNT 1
### (Reasonable Accommodation)

11.    Since at least September of 2012, Defendant has engaged in unlawful employment practices in violation of Title I of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

12.    At all times relevant to the events alleged in this complaint, Dumas was a qualified individual with a disability, under the ADA, 42 U.S.C. §§ 12102 and 12111(8), who with or without an accommodation, could perform the essential functions of her job as a Social Worker/Therapist for Defendant.

13.    At all times relevant to the events alleged in this complaint, Dumas suffered from a physical impairment, liver failure and related symptoms, that substantially limited one or more major life activities.

14.    In or around July 2, 2012, Dumas became ill and was hospitalized as a result of liver failure.

15.     On or around July 10, 2012, Dumas sought and was approved for leave from her job for treatment related to her liver condition and liver transplant surgery. Defendant approved Dumas for sick leave beginning July 2, 2012 and ending September 21, 2012.

16.     On September 14, 2012, Defendant mailed Dumas a letter stating that her approved sick leave would end on September 21, 2012. The letter advised that if she required an extension of leave beyond September 21, she was to submit medical certification.

17.     On or about September 15, 2012, Dumas requested a reasonable accommodation from Defendant that was consistent with the advice of her physician. Specifically, Dumas requested from Defendant the use of five (5) weeks of additional sick leave upon expiration of her twelve weeks of approved leave, to allow her to complete her physician's recommended course of treatment.

18.     In the alternative, Dumas proposed to Defendant that she be allowed to return to work on September 24, 2012 and be afforded intermittent leave beginning on or about September 24, 2012, as a reasonable accommodation.

19.     Additionally, on or around September 24, 2012, Dumas' Transplant Nurse Practitioner, Marilyn Barnett, contacted Defendant and notified it that Dumas was a liver transplant patient and her anticipated return to work date was October 29, 2012.

20.     On or around September 27, 2012, Defendant completely denied Dumas' accommodation request and instead notified her by telephone that it would not hold open her job and was moving forward with filling her position. Defendant did not engage Dumas in the interactive process regarding her leave request.

21.     Defendant's refusal to provide Dumas with a reasonable accommodation of her disability, including the failure to engage in the interactive process, constituted discrimination because of disability in violation of ADA provisions 42 U.S.C. §§ 12112(a) and 12112(b)(5)(A).

## COUNT 2
### (Termination)

22.     Plaintiff realleges and incorporates by reference paragraphs eleven (11) through twenty-one (21) herein.

23.     Since at least September of 2012, Defendant has engaged in unlawful employment practices in violation of Title I of the ADA, 42 U.S.C. § 12112(a) and 12112(b)(5)(B).

24.     On or about September 27, 2012, Defendant engaged in unlawful employment practices by intentionally discharging Dumas from full-time employment because of her disability in violation of the ADA.

25.     On or about September 28, 2012, Defendant sent a letter to Dumas denying her request for additional leave and confirming Dumas' termination of full-time employment.

26.     Defendant treated similarly situation non-disabled employees more favorably and allowed leave for other non-disabled employees.

27.     Defendant's termination of Dumas' full-time employment because of her disability constituted discrimination because of disability in violation of ADA provisions 42 U.S.C. § 12112(a) and 12112(b)(5)(B).

## COUNT 3
### (Retaliation)

28.     Plaintiff realleges and incorporates by reference paragraphs eleven (11) through twenty-seven (27) above.

29. Since at least December 2012, Defendant has engaged in unlawful employment practices in violation of Title V of the ADA, 42 U.S.C. § 12203(a).

30. On December 31, 2012 Dumas engaged in activity protected by Title V of the ADA by filing a charge of discrimination, and at such time, Defendant obtained knowledge of Dumas' protected activity.

31. Subsequent to Dumas engaging in protected activity, Defendant refused to rehire her for a full-time Social Worker/Therapist position.

32. In or around January of 2013, Dumas applied for a Social Worker/Therapist position with Defendant in its Starkville Clinic.

33. In or around March of 2013, Dumas interviewed for the Social Worker/Therapist position with Defendant in its Starkville Clinic.

34. Despite her clear qualifications, Defendant did not rehire Dumas for the position.

35. A causal connection exists between Dumas' protected activity and Defendant's failure to rehire her.

36. Defendant's refusal to rehire Dumas in retaliation for her engaging in protected activity violates Title V of the ADA, 42 U.S.C. § 12203(a).

## ADDITIONAL ALLEGATIONS

37. The unlawful employment practices complained of in paragraphs eleven (11) through thirty-six (36) above were intentional.

38. The unlawful employment practices complained of in paragraphs eleven (11) through thirty-six (36) above were done with malice or with reckless indifference to the federally protected rights of Dumas.

6

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from failing to reasonably accommodate disabled employees, from discharging employees because they are disabled, and from retaliating against employees for engaging in protected activity.

B.      Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant to make whole Dumas by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant to make whole Dumas, by providing compensation for any past and future pecuniary losses, including medical expenses and job search expenses resulting from the unlawful employment practices described in paragraphs eleven (11) through thirty-six (36) above, in amounts to be determined at trial.

E.      Order Defendant to make whole Dumas by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs eleven (11) through thirty-six (36) above including, but not limited to, emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Dumas punitive damages for its malicious and reckless conduct, in amounts to be determined at trial.

G.    Order Defendant to provide Dumas appropriate equitable relief, in the form of reinstatement and/or an appropriate award of front pay.

H.    Grant such further relief as the Court deems necessary and proper in the public interest.

I.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

**MARSHA RUCKER**
Birmingham District Regional Attorney
PA Bar No. 90041

Equal Employment Opportunity
Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Tel. (205) 212-2045
Fax. (205) 212-2041