IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                PLAINTIFF

v.                                               CIVIL ACTION NO. 1:17-cv-00016-GHD-DAS

PIONEER HEALTH SERVICES, INC.                                              DEFENDANT

## MEMORANDUM OPINION GRANTING
## DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT

Presently before the Court is a motion to set aside entry of default [10] filed by Defendant Pioneer Health Services, Inc. ("Defendant"). Upon due consideration, the Court finds the motion is well taken and should be granted.

On February 3, 2017, Plaintiff Equal Employment Opportunity Commission ("Plaintiff") filed the case *sub judice* against Defendant under Title I and Title V of the Americans with Disabilities Act of 1990, *as amended by* the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991, with respect to alleged "unlawful employment practices on the basis of disability" and to seek relief for a former employee of Defendant who was allegedly discriminated against due to her disability. *See* Pl.'s Compl. [1] at 1. Defendant's responsive pleading was due on April 20, 2017. On April 21, 2017, Plaintiff filed a motion for entry of default [7] against Defendant for failure to timely file the responsive pleading. On April 24, 2017, the Clerk of Court filed an entry of default [9] as to Defendant.

On May 2, 2017, Defendant filed the present motion to set aside [10] the Clerk of Court's entry of default [9], wherein Defendant requests that the Court set aside the Clerk of Court's entry of default, contending that Defendant's default was not willful and that setting aside the default will not prejudice Plaintiff. Defendant further states that it will present a meritorious

1

defense if the Court grants its motion, sets aside the entry of default against defendant, and restores this case to the active trial docket. Defendant maintains that it tendered the defense of this action to its insurer, who retained undersigned counsel to represent the Defendant's interests, and that Defendant has been investigating the matter and preparing responsive pleadings. Defendant additionally filed its answer contemporaneously with its motion to set aside the entry of default. Defendant maintains that it is a party in a Chapter 11 bankruptcy proceeding pending in the United States Bankruptcy Court for the Southern District of Mississippi, Case No. 16-011119, and that Defendant's counsel attempted unsuccessfully to confer with Plaintiff's counsel concerning whether the automatic stay would apply to the case *sub judice*.

Plaintiff has filed a response in opposition [21] to Defendant's motion, arguing that the Court should not set aside the Clerk's entry of default against Defendant, because Defendant has not articulated good cause as required by Rule 55(c) of the Federal Rules of Civil Procedure and further has not demonstrated the delay in filing the responsive pleading was due to mistake, inadvertence, or excusable neglect. Defendant filed a reply [23] in support of its motion, reiterating its earlier arguments supporting setting aside the entry of default.

The Fifth Circuit recently set forth the pertinent law with respect to entries of default:

> Under Rule 55, a district court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). The language of this rule is discretionary, and "the decision to set aside a default is committed to the sound discretion of the trial court." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Furthermore, district courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense. *See id.* at 183–84; *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183–84 (5th Cir. 1985). This is because "courts universally favor trial on the merits." *Dierschke*, 975 F.2d at 183 (internal quotation marks omitted).

*Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015). Based on the foregoing, the

2

Court finds that Defendant's motion to set aside the Clerk's entry of default in the case *sub judice* should be granted, because Defendant has indicated its delay in filing a responsive pleading was due to inadvertence, not willfulness; that Plaintiff will not be prejudiced by setting aside the entry of default; and that Defendant's filing of its answer demonstrates good faith in pursuing a meritorious defense.

ACCORDINGLY, Defendant's motion to set aside entry of default [10] shall be GRANTED.

An order in accordance with this opinion shall issue this day.

THIS, the 30th day of May, 2017.

_____
SENIOR U.S. DISTRICT JUDGE