IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. ) 1:17-cv-00016-GHD-DAS |
| PIONEER HEALTH SERVICES, INC. | ) ) ) |
| Defendant. | ) ) ) |

## CONSENT DECREE

A. Plaintiff, Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission") brought this action against Defendant Pioneer Health Services, Inc. ("Defendant" or "Pioneer") under Title I and Title V of the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008 (hereinafter the "ADA"), and Title I of the Civil Rights Act of 1991. The EEOC alleges Defendant denied Joyce Dumas ("Charging Party" or "Dumas") a reasonable accommodation, terminated her because of her disability, and retaliated against her for engaging in protected activity. Defendant denies all allegations against Charging Party.

B. This Consent Decree is entered into by the EEOC and Defendant. This Consent Decree shall be final and binding between the EEOC and Defendant, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it.

C. In the interest of resolving this matter and avoiding the expense of further litigation, the EEOC and Defendant (the "Parties") hereby stipulate and agree that this action shall be finally resolved by entry of this Consent Decree ("Decree").

D. This Decree does not constitute a finding on the merits of the case. The Parties have consented to the entry of this Decree to avoid the additional expense that continued litigation of this case would involve.

E. This Decree constitutes the complete and exclusive agreement between the Parties with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Decree.

F. In the event this Decree is not approved or does not become final, the Parties agree that it will not be admissible in evidence in any subsequent proceeding in this lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court hereby **APPROVES** the Decree and **FINDS**:

a. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree adequately protects the rights of the EEOC, Defendant, and the public interest.

b. This Decree conforms to the Federal Rules of Civil Procedure and the ADA and does not derogate the rights or privileges of any person. The entry of this Decree furthers the objectives of the ADA and appears in the best interest of the parties and the public.

c. The EEOC and Defendant do hereby agree to the entry of this Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in *EEOC v. Pioneer Health Services, Inc*, Civil Action No., 1:17-cv-00016-GHD-DAS.

Upon consent of the parties to this action, it is hereby **ORDERED, ADJUDGED AND DECREED**:

### I. JURISDICTION

1. The parties stipulate that the United States District Court for the Northern District of Mississippi, Aberdeen Division, has jurisdiction over the parties and the subject matter of this litigation. The Court shall retain jurisdiction over this case to enforce the terms of the Decree.

2. No party shall contest jurisdiction of this Court to enforce this Decree and its terms or the right of the EEOC to seek enforcement in the event Defendant breaches any of the terms of this Decree.

### II. SCOPE AND DURATION OF THIS DECREE

3. The Decree shall be binding upon the present and future representatives, agents, directors, officers, and assigns of Defendant in their capacities as representative, agents, directors and officers of Defendant. Defendant also agrees to put any and all successors in interest on notice of the pendency of the Consent Decree. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any individual is found to be in contempt for a violation of this Consent Decree

4. This Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 1:17-cv-00016-GHD-DAS.

5. On March 30, 2016, Pioneer Health Services, Inc. and several of its affiliated companies filed Petitions for Relief pursuant to Chapter 11 of Title II of the United States Code (the "Bankruptcy Code"). These cases are administratively consolidated under case number 16-01119 before the Honorable Judge Neil Olack in the Bankruptcy Court for the Southern District of Mississippi (the "Bankruptcy case"). It has been represented to the parties that all of the assets

of Pioneer Health Services, Inc. and its affiliated companies are to be sold by way of an auction administered through the Bankruptcy Court, and as such, it is likely that Pioneer Health Services, Inc. and its related affiliates will not be reorganized and/or will discontinue as corporate entities. As such, this Decree shall be filed in the United States District Court for the Northern District of Mississippi and shall continue to be in effect for a period of five (5) years from the date of entry of this Consent Decree, or until the date on which Defendant dissolves as an entity and ceases to exist under the laws of the State of Mississippi, whichever date is the earliest. However, in no event shall Defendant be relieved of its obligations under Section V of this Decree. Any modification of this Consent Decree by any party must be made by motion to the Court. Defendant represents that it has received all approvals from the bankruptcy court and/or the bankruptcy trustee required as a prerequisite to the payment contemplated by Section V of this Decree. Defendant further represents that all funds will be paid to the Charging Party directly by RSUI Group, Inc., its insurer.

6. This Consent Decree shall apply to Defendant Pioneer Health Services and all employees (the use of the term "employees" includes temporary and contract employees) working in or for Defendant at any of its operations, facilities or locations in the State of Mississippi, and all employees in any other location who provide EEO compliance and human resources support to, or supervisory and/or decision making authority over, Defendant's employees working in or for Defendant at any of its operations, facilities, or locations in the State of Mississippi.

7. Defendant shall comply fully with all provisions of the Consent Decree and the ADA. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant under the ADA or the EEOC's authority to process or litigate any charge of discrimination which may be pending or filed against Defendant in the future.

### III. NON-DISCRIMINATION

8. Defendant and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, shall not discriminate against an employee or applicant in violation of the Americans with Disabilities Act. The prohibited practices include, but are not limited to, the following:

(a) Refusing to provide a reasonable accommodation in accordance with the Americans with Disabilities Act, as amended;

(b) Retaliating against any employee for asserting rights under the ADA or engaging in other activity protected by the ADA; and

(c) Subjecting any employee to adverse terms and conditions of employment, including harassment, because the employee is disabled under the ADA.

### IV. NON-RETALIATION

9. Defendant and its officers, agents, employees, successors, assigns, and all those in active concert or participation with them, or any of them, shall not engage in retaliation of any kind against any person because such person:

(a) opposed any practice made unlawful under the ADA;

(b) contacted, or filed a charge of discrimination with, the Commission or a state agency in relation to the ADA;

(c) testified, assisted or participated in any manner in a workplace ADA-related inquiry, investigation, proceeding, or hearing;

(d) testified, assisted or participated in any manner in an EEOC or stage agency ADA-related investigation, proceeding, or hearing;

(e) requested and/or received relief in accord with this Consent Decree;

(f) participated in any manner in this action or in the EEOC investigation giving rise to this action;

(g) asserted any rights under the ADA, or this Consent Decree.

Defendant further shall not coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or because of his or her having exercised or enjoyed, or account of his

or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA.

## V. RELIEF TO THE CHARGING PARTY

10.  Defendant shall pay monetary relief in the gross amount of $ **85,000** to Joyce Dumas for back pay and compensatory damages. This amount shall be paid in full settlement of the claims against Defendant which were the basis of the EEOC Charge filed by the Charging Party (No. 846-2013-06777), and raised in the EEOC's Complaint. Within ten (10) calendar days of entry of this Consent Decree, payment shall be made by check payable to Joyce Dumas and mailed to the address provided by the EEOC. Ms. Dumas will execute a W-9 form in connection with same, and defendant will issue to Ms. Dumas an applicable United States Internal Revenue Service form 1099 no later than February 15, 2018. Defendant will issue to Ms. Dumas applicable United States Internal Revenue Service forms no later than February 15, 2018. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Dumas may or may not incur on such payment under local, state and/or federal law.

11.  Defendant shall mail a photocopy of the check referenced in the previous paragraph to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 – 22nd Street South, Suite 2000, Birmingham, Alabama 35205 at the time the check is sent to Ms. Dumas. Defendant shall concurrently email a photocopy of the check to the following email addresses: marsha.rucker@eeoc.gov, gerald.miller@eeoc.gov, christopher.woolley@eeoc.gov.

## VI. GENERAL INJUNCTIVE RELIEF

12. Subject to the provisions of Paragraph 5 of this Consent Decree, within ninety (90) calendar days after this Decree is approved by the Court, Defendant shall develop and implement comprehensive policies and procedures to ensure that employees are not subject to discrimination made unlawful by the ADA. At a minimum, the policies and procedures shall contain and provide for the following:

   a)  a requirement that Defendant managers, supervisors, and human resources employees be trained on the requirements of the ADA;

   b)  notice to employee and applicants (via the policies and procedures, and a poster displayed in a public area of each Defendant's facilities) of their rights under the ADA, including their right to a reasonable accommodation;

   c)  written notice to employees in a document provided to them in conjunction with medical or disability leave taken for a condition lasting seven (7) or more days, of their rights under the ADA, including their right to a reasonable accommodation, and stating specifically and unambiguously that such reasonable accommodation may include an extension of leave;

   d)  a provision for disciplinary action, up to and including termination, that shall be imposed on supervisors, managers and human resources employees who violate the ADA, this Consent Decree, and Defendant's ADA policies and procedures;

   e)  a process for employees to seek a reasonable accommodation under the ADA;

   f)  a process for employees to report complaints of ADA-related discrimination and retaliation;

   g)  a system for the maintenance and retention of records related to reasonable accommodation requests, including records reflecting consideration and evaluation of accommodation requests;

   h)  a system for ensuring the dissemination to all Defendant's employees of a copy of Defendant's ADA policy and procedures;

   i)  an assurance of non-retaliation for persons who wish to request a reasonable accommodation or report that they have been discriminated

    against or witnessed discrimination in violation of the ADA;

j)  a process for conducting reasonable accommodations determinations and maintaining records reflecting that process; and

k)  a signed acknowledgement from Defendant's General Counsel to be distributed to Defendant's employees reflecting Defendant's commitment to a discrimination-free workplace.

13.  Defendant shall promptly investigate all complaints of discrimination and retaliation under the ADA. The investigation shall include factual findings, a finding of whether discrimination occurred, interviews of all known or potential victims and witnesses, and credibility assessments of all known or potential victims and witnesses. All witness interviews shall be memorialized with concurrent notes or recordings in audio/video or other electronic format.

14.  Defendant shall assign a senior human resources official the responsibility of being Defendant's ADA Coordinator. The ADA Coordinator shall be trained in the requirements of the ADA including, but not limited to, the following:

a)  the meaning of "disability" under the ADA; and

b)  the process for assessing and determining (including the "interactive process") whether an applicant or employee is entitled to a reasonable accommodation.

Defendant's ADA Coordinator shall be responsible for the development and implementation of Defendant's ADA policy and procedures, and training of all Defendant's supervisors, managers, and human resources employees on the ADA and this Consent Decree.

The ADA Coordinator shall provide written recommendations to Defendant's senior management, in advance of the following employment actions: the termination of any employee based on his or her actual, perceived, or record of a physical or mental impairment, and termination of any employee for exhaustion of FMLA or other medical leave.

15. During the term of this Consent Decree, and prior to terminating the employment of or denying a request for a reasonable accommodation to an employee, the ADA coordinator shall contact the Job Accommodation Network (JAN) and request information about the employee's particular impairment and possible accommodations that may be available to assist the employee to perform the essential functions of the job.

16. Subject to the provisions of Paragraph 5 of this Consent Decree, within one-hundred and twenty (120) calendar days after this Consent Decree is entered by the Court, Defendant shall train all employees, including supervisory, management, and human resources employees on the ADA, this Consent Decree, and Defendant's ADA policies and procedures. The training shall cover all aspects of the ADA including, but not limited to, the legal requirements of the ADA, prohibition against discrimination and disparate treatment of employees with actual or perceived disabilities, the definition and examples of a reasonable accommodation under the ADA to specifically include a discussion of leave as a reasonable accommodation under the ADA, the interactive process as it relates to a request for a reasonable accommodation, resources for determining and identifying reasonable accommodations, procedures for providing reasonable accommodations to individuals with disabilities, prohibition against retaliation and coercion against employees who engage in activity protected by the ADA, the requirement for coordination with the ADA Coordinator, and Defendant's internal ADA policy and procedures. The training will be repeated (with modifications to ensure its compliance with the law) once every twelve months after the first ADA training is completed. All newly hired managers, human resources employees and recruiters shall be required to complete this training within fourteen days of their start date, irrespective of their participation in the annual training.

17. Each ADA training session shall last two hours, and Defendant shall generate a registry containing signatures of all persons in attendance. Each registry shall be retained by Defendant for the duration of the Consent Decree.

18. Each training session shall be delivered in accord with an outline prepared at least one-week in advance of the training. The outline, all training materials (pamphlets, brochures, agendas, videos), and the registry shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within 30 days after each training session. Acceptance or review of these materials by EEOC shall not constitute approval of the said materials, but may be retained for compliance purposes.

19. Subject to the provisions of Paragraph 5 of this Consent Decree, within ninety (90) calendar days after this Consent Decree is entered by the Court, Defendant will establish an email address and dedicated human resources telephone line to the ADA Coordinator. Recruiters, supervisors and managers shall refer applicants and employees to the ADA Coordinator to discuss any matter related to the ADA, including, but not limited to, requests for reasonable accommodations

### VII. POSTING OF NOTICE

20. Defendant will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations.

21. Within ninety (90) calendar days after entry of this Consent Decree, Defendant shall post 8½-inch-by-11-inch sized copies of a notice in the form of "Appendix A" attached to this Consent Decree on all bulletin boards usually used by Defendant for announcements, notices of employment policy, or practice changes to employees, during the term of this Consent Decree and at every location employee bulletins are posted and where applications are accepted, including

on any Defendant or affiliated corporate website at which job vacancies are posted or through which Defendant accepts applications for employment.

## VIII. REPORTING

22. Subject to the provisions of Paragraph 5 of this Consent Decree, on an annual basis for the duration of the Consent Decree, the ADA Coordinator will provide the Birmingham District Office Regional Attorney a report on the training conducted under this Consent Decree. The ADA Coordinator will also maintain the following records during the period of this Consent Decree:

   a) ADA policies and procedures;

   b) Requests for Accommodations and responses thereto;

   c) All documents generated in connection with any complaint investigation, or resolution of every complaint involving allegations of violations of the ADA, including involving allegations related to discrimination or the request for or denial of a reasonable accommodation;

   d) All materials used in training; and

   e) Attendance lists for all training.

## IX. DISPUTE RESOLUTION

23. In the event that either party to the Consent Decree believes that the other party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance within fourteen (14) calendar days of discovery of the alleged non-compliance and shall afford the alleged non-complying party fourteen (14) calendar days thereafter to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within that fourteen (14) day period, the complaining party may apply to the Court for appropriate relief.

## X. COSTS AND ATTORNEY FEES

24. Each party shall bear its own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## XI. DURATION OF CONSENT DECREE

25. The duration of the Consent Decree shall be five (5) years from its entry by the Court, or until the date on which Defendant dissolves as an entity and ceases to exist under the laws of the State of Mississippi, whichever date is the earliest. The Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which Defendant or the EEOC may petition this Court for compliance with the Consent Decree. Should the Court determine that the Defendant has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

The parties agree to the entry of the Consent Decree subject to final approval by the Court.

IT IS SO ORDERED THIS THE ___ day of January, 2018.

_____
SENIOR JUDGE
Hon. Glen H. Davidson

Approved by the Parties:

| | |
|---|---|
| **FOR THE COMMISSION:** | **FOR DEFENDANT:** |
| /s/Marsha Rucker | /s/Darren Patin (with permission) |
| **MARSHA L. RUCKER** | **DARREN PATIN (LA #23244)** |
| Regional Attorney | **STEPHEN ANDERSON (MS #1593)** |
| PA Bar No. 90041 | |
| | HAILEY MCNAMARA HALL |
| /s/ Gerald Miller | LARMANN & PAPALE , LLP |
| **GERALD L. MILLER** | 1 Galleria Blvd., Suite 1400 |
| Supervisory Trial Attorney | Metairie, LA 70001 |
| AL Bar No.: ASB-1454-E52G | |
| | **ATTORNEY FOR DEFENDANT** |
| /s/Christopher Woolley | **PIONEER HEALTH SERVICES, INC.** |
| **CHRISTOPHER WOOLLEY** | |
| Trial Attorney | |
| CA Bar No. 241888 | |
| christopher.woolley@eeoc.gov | |
| | |
| /s/Alysia Franklin | |
| **ALYSIA FRANKLIN** | |
| Trial Attorney | |
| CA Bar No. 264410 | |
| alysia.franklin@eeoc.gov | |
| | |
| **EQUAL EMPLOYMENT** | |
| **OPPORTUNITY COMMISSION** | |
| 1130 22nd Street South, Suite 2000 | |
| Birmingham, AL 35205 | |
| Phone: (205) 212-2064 | |

## APPENDIX A

## NOTICE TO ALL EMPLOYEES OF PIONEER HEALTH SERVICES, INC.

This Notice is being posted to all employees pursuant to a consent decree entered into between Pioneer Health Services, Inc. and the Equal Employment Opportunity Commission (EEOC) as part of the settlement of a lawsuit, Civil Action No. 1:17-00016-GHD-DAS, filed in the United States District Court of the Northern District of Mississippi, Aberdeen Division.

Title I of the Americans With Disabilities Act of 1990, as amended (ADA), prohibits discrimination against qualified individuals with disabilities in all employment practices, including job application procedures, pre-employment medical or health questions, hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment. The ADA requires employers, when presented with a request for accommodation, including leave or extension of leave, to engage in the interactive process with the employee to determine the appropriateness of the requested accommodation and, if not appropriate, whether another reasonable accommodation is feasible. It is a violation of the ADA to automatically terminate a qualified individual with a disability simply because that employee has used an employer determined maximum number of hours of leave.

Title V of the ADA makes it unlawful for an employer to retaliate against employees or applicants who avail themselves of their rights under the ADA by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. Pioneer Health Services, Inc. supports and will comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law.

An employee who believes his or her rights have been violated may also contact the U. S. Equal Employment Opportunity Commission, or any Federal or State compliance agency, for the purposes of filing a charge of employment discrimination. Please be aware that there are strict time periods for filing such charges. Pursuing internal remedies provided by Pioneer Health Services, Inc. does not extend the time which you may have to file charges with the EEOC.

The address and telephone number of the nearest office of the Equal Employment Opportunity Commission is:

U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
100 W. Capitol Street, Suite 207
JACKSON, MISSISSIPPI 39269
(601) 948-8412

**DO NOT REMOVE THIS NOTICE!**